TOZZI'S TAVERN, INC., A NEW JERSEY CORPORATION AND FRANK R. TOZZI, *ET AL.*, APPELLANTS, v. COMMON COUNCIL OF THE CITY OF PLAINFIELD, MADISON LIQUORS, INC., *ETC.*, *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 16, 1961—Decided January 27, 1961.

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Charles S. Joelson* argued the cause for appellants (*Messrs. Joelson & Freundlich,* attorneys).

*Mr. H. Kermit Green* argued the cause for respondent Madison Liquors, Inc. (*Messrs. Green & Yanoff,* attorneys).

*Mr. Edward Sachar* argued the cause for respondent Common Council of the City of Plainfield (*Messrs. Sachar, Sachar & Bernstein,* attorneys).

The opinion of the court was delivered by

GAULKIN, J. A. D. Appellants (hereafter collectively called Tozzi) appeal from a decision of the Division of Alcoholic Beverage Control (ABC) which upheld the action of the Common Council of Plainfield granting the application of Madison Liquors, Inc. to transfer its package store liquor license to a new location.

The essential factual basis for the appeal is that on December 7, 1959 an identical application by Madison was objected to by Tozzi and was denied after a hearing, by an 8 to 2 vote of the 11-member council, one member abstaining. On January 1, 1960 there was inducted "the new Common Council of Plainfield," consisting of five newly elected members and six members of the previous council. On January 18, 1960 the new council granted the second application, by a vote of 6 to 4, the same one member abstaining. Among those voting to grant was Councilman Shallow, who

had voted to deny the first application. At the time he voted "aye," Mr. Shallow said:

"Since the time I voted against this transfer, I have done considerable research with the limited time at my disposal. I think my time was limited. I have here—and this is for publication information; this is nothing I have been able to pick up on my own —reversals on the part of the Alcoholic Beverage Commission in cases similar to the one that we have; and for reasons given which were reasonable, it appeared to me that my position was rather untenable before.

In addition to that, and this can be public information if required, I have received within 10 per cent as many letters as I get on Board of Education matters. I have received telephone calls, as Mr. Starr has, until it was impossible to come home. One was from quarter past 11:00 until quarter to 12:00, a very persuasive argument on the part of a man who has interests. I have received telephone calls from lawyers in town who want to persuade me on this matter but did not come down here to the public hearing. If they had, their positions and the pressures they were putting on me might have persuaded me. Those who are here know who they are.

I think I have given it about as much thought as anything so far that I have deliberated on in the Council, and I feel also that there were new evidences offered tonight that were not offered prior to this time. That is the qualification of my vote. Thank you."

 Tozzi admits that the denial of the transfer in December did not, standing alone, bar its approval in January. *Lubliner v. Board of Alcoholic Beverage Control for City of Paterson,* 59 *N. J. Super.* 419 (*App. Div.* 1960), affirmed 33 *N. J.* 428 (1960). The arguments advanced by Tozzi, before the ABC and before us, for the reversal of the transfer may be summarized as follows—the law is, or should be, that there is no "right in a public official to change a prior vote * * * without good cause for such change being shown"; that Shallow failed to show good cause; and even if the burden is not upon the public official to show good cause for a change of vote, the reasons given by Shallow for his change of vote showed that he had been influenced to do so by "improper * * * outside pressure" which "infected" not only his vote but that of the entire council.

█ The statute entrusts the licensing authority to the discretion of the common council, an elective body. As we have seen, the "new" council was at liberty to vote differently from the previous one, and the Legislature has not required the members of the governing body to state their reasons for their votes. *Borough of Fanwood v. Rocco,* 59 *N. J. Super.* 306, 320 (*App. Div.* 1960), affirmed 33 *N. J.* 404 (1960); *Lubliner, supra,* 59 *N. J. Super.,* at *pp.* 429–430. We know of no authority to support the proposition that a member of the governing body who changes his vote must show good cause for doing so.

██ The burden of proving bad faith, improper motives, illegal interest or other facts which affect the validity of a councilman's vote, is upon the challenger. The mere fact that he conversed with people whose identity, interest and message are not disclosed does not spell out "improper influence," as it would in the case of a judge. *Cf. Fanwood v. Rocco, supra,* 33 *N. J.,* at *pp.* 409–410.

The major part of the testimony presented by Tozzi in support of its appeal before the ABC was directed to the issue that Shallow's vote was tainted, and, through it, the entire council's. The ABC hearer's report, adopted by the Director, said:

"There was an exhaustive direct and cross examination of the member of the Council who changed his vote, designed to establish that he did so arbitrarily and without good reason. Such evidence discloses that he was equally not clear on both occasions concerning the reason which impelled him to vote as he did, but I see no need to make any specific detailed analysis thereof or make definitive findings on that score, since for the reasons above stated the resolution to grant the transfer was legally adopted by a majority of the quorum of the Council who were present, even disregarding such member's vote."

In short, the ABC held that even if Shallow's vote was tainted (which the ABC did not find), it did not affect the votes of the other members of the council, and consequently the transfer had been approved by a vote of 5 to 4. Even though the successive applications were but a month apart,

the ABC held that "[e]ach application is a separate one and must be decided in the sound discretion of the local issuing authority as constituted at the time the application is considered." The ABC then said:

"This leads to a consideration of the reasons which impelled the respective Councils in the instant case to come to different conclusions. The primary factor on this appeal, irrespective of such conflict, is whether the present Council, in the exercise of its discretion, could reasonably conclude that a transfer of the license would be in the public interest despite the contrary opinion of the predecessor Council."

After reviewing the facts, the ABC concluded:

"Considerations of undue concentration of licensed liquor premises in the area, possible traffic hazard, and proximity to churches, when acting upon an application to transfer a license, are matters entrusted to the sound discretion of the issuing authority. *Miles et als. v. Paterson and Stefonich*, Bulletin 1306, Item 2; *Geltzeiler v. Newark*, Bulletin 1171, Item 1.
The burden of proof to establish that the action of respondent Council was erroneous rests with appellants. Rule 6 of State Regulation No. 15. The evidence presented does not indicate any improper motivation on the part of the members of the Council and their grant of the transfer appears to be a reasonable exercise of their discretion. In my opinion, appellants have failed to sustain the burden of proof resting upon them. * * *"

Our own study of the evidence, within the scope of our review (*Fanwood v. Rocco, supra*, 59 *N. J. Super*. 306), reveals to us no basis upon which we may overturn the judgment of the ABC. We find that the evidence fell short of sustaining the appellants' burden of proving that Shallow was "improperly" influenced; and we agree with the ABC that the proof did not justify a conclusion that he "infected" the other members of the council in any way. Whether the council's approval of the transfer was proper under all of the circumstances, and the effect to be given its denial of the identical application a month earlier, are questions upon which we give great weight to the judgment of the ABC. *Fanwood, supra; Lubliner, supra.*

The judgment is affirmed.